# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF TENNESSEE

| | |
|---|---|
| DENNIS DAVIS, ) | |
| ) | |
| Plaintiff, ) | |
| ) | CASE NO. 3:19-cv-00526 |
| v. ) | |
| ) | JUDGE CAMPBELL |
| BUILDERS FIRSTSOURCE- ) | MAGISTRATE JUDGE BROWN |
| ATLANTIC GROUP, LLC ) | Jury Demand |
| ) | |
| Defendant. ) | |

## INITIAL CASE MANAGEMENT ORDER

Pursuant to Local Rule 16.01(d)(2), the following Initial Case Management Plan is **adopted**.

**1.    Jurisdiction:** Jurisdiction in this case is based upon federal questions 42 U.S.C. §2000 (e) et seq. and 28 U.S.C. § 1331. There is no dispute as to jurisdiction in this matter.

**2.    Plaintiff's theory of the case:** Plaintiff was employed by Defendant as maintenance technician. Plaintiff is a practicing member of the Jewish faith. Throughout his employment, he was subjected to ridicule based on his faith. His immediate supervisor openly bragged about his German heritage and Nazi memorabilia. Plaintiff's immediate supervisor and another co-worker frequently made derogatory racial comments about African Americans and Hispanics. Plaintiff objected to the faith and race-based comments on numerous occasions, including reporting these acts to other supervisors.

After objecting to the religious and faith based discrimination, Defendant's began retaliating against Plaintiff by making his job nearly impossible to perform including locking away the tools necessary to perform the job. Another co-worker overheard Plaintiff's supervisor walking around looking for a reason to terminate Plaintiff. On June 21, 2017, Plaintiff returned from the lunch to find a Swastika taped to his locker.

On June 23, 2017, Plaintiff was terminated by Area Manager David Long for alleged performance issues. However, the performance issues cited consisted of work that had been previously reviewed and approved by Plaintiff's supervisor. During the termination meeting, Mr. Long admitted having no knowledge of any performance issues, but that he had to rely on what his supervisors tell him. Mr. Long terminated Plaintiff solely based on the recommendation of the individual who had been discriminating against Plaintiff.

3. **Defendant's theory of the case:** Defendant denies the Plaintiff's allegations and denies it has ever discriminated against or harassed Plaintiff based on his religion (or on any other basis) or retaliated against him. Defendant has asserted numerous defenses in its Answer to the Complaint and incorporates those defenses herein by reference.

4. **Identification of the issues:** Jurisdiction and venue have been resolved. Liability and damages remain in dispute.

5. **Need for other claims or special issues under Rules 13-15, 17-21, and Rule 23 of the Federal Rules of Civil Procedure:** None anticipated.

6. **Witnesses**. Witnesses include: Plaintiff, James Long (Area Manager), Yvette Patterson (HR Director), Brian Holland (Operations Manager), Mike Morris (Production Supervisor), Perry Wilke (Maintenance Technician II), Richard Adams (Maintenance Technician I), and David Auchmuty (Crew Leader).

7. **Initial disclosures and staging of discovery:** Parties shall exchange Rule 26 Initial Disclosures by **September 6, 2019**. The parties shall complete all written discovery and depose all fact witnesses on or before **April 3, 2020.** Discovery is not stayed during dispositive motions, unless ordered by the Court.

Prior to filing any discovery-related motion, the parties will schedule and conduct a telephone conference with the Magistrate Judge. The counsel requesting the conference shall check with the opposing counsel as to their availability before setting a time certain with the Court.

The Plaintiff shall identify and disclose all expert witnesses and expert reports pursuant to Rule 26(a)(2) of the Federal Rules of Civil Procedure on or before **January 10, 2020.** The Defendant shall disclose all expert witnesses and reports pursuant to Rule 26(a)(2) of the Federal Rules of Civil Procedure on or before **February 10, 2020**. The parties shall depose all expert witnesses on or before **April 3, 2020.**

**8. Dispositive motions:** The parties shall file all dispositive motions on or before **May 29, 2020.** Responses to dispositive motions shall be filed within **28 days** after the date of the motion filed. Optional replies shall be filed within **14 days** of the filing of the response. The motion and response memoranda are limited to 25 pages and the reply, if a reply is filed, is limited to 5 pages, absent Court permission for a longer pleading. If dispositive motions are filed early, the response and reply dates are moved up accordingly. No motion for **partial** summary judgment shall be filed except upon leave of court. Any party wishing to file such a motion shall first file a separate motion that gives the justification for filing a partial summary judgment motion in terms of the overall economy of time and expense for the parties, counsel, and the Court.

**9. Other deadlines**: The parties shall file all motions to amend the pleadings or to add parties on or before **November 29, 2019**.

**10. Motions to seal:** Any party requesting that documents or portions of documents be sealed must demonstrate compelling reasons to seal the documents and that the sealing is narrowly tailored to those reasons. The motion to seal, even if unopposed, must "analyze in detail, document by document, the propriety of secrecy, providing reasons and legal citations." *Beauchamp v. Federal Home Loan Mortgage Co.*, No. 15-6067, 2016 WL 3671629 at *4- 5 (6th Cir. Jul. 11 2016) (quoting *Shane Grp., Inc. v. Blue Cross Blue Shield of Michigan*, Nos. 15-1544, 1551, 1552, 2016 WL 3163073 at *3 (6th Cir. June 7, 2016)). Protective orders should not provide that documents produced in discovery and designated as "confidential" will automatically be sealed upon filing or use at trial. Any such language in a proposed protective order will be stricken and may result in denial of the motion to enter the protective order.

**11.     Modification of case management order:** Any motion to modify the case management order or any case management deadline shall be filed at least **seven days** before the earliest affected deadline. If the parties agree, the motion may be filed up to the earliest affected deadline. The motion must include a statement confirming that counsel for the moving party has discussed the requested modification or extension with opposing counsel and whether there is any objection to the motion. The motion (even if a joint motion) must also include: (i) all deadlines, even unaffected deadlines, so that it will not be necessary for the Court to review previous case management orders in consideration of the motion, and (ii) a statement that the requested extension will still conform to the requirements of Local Rule 16.01(d)(2)(f) that no dispositive motion, including response and replies, be filed later than **90 days** in advance of the target trial date.

**12.     E-Discovery**: The parties have reached agreements on how to conduct electronic discovery.  The parties do not anticipate the disclosure of discovery of electronically stored information to be very involved in this matter.  To the extent electronic documentation exists, such documentation will be produced in the same form in which it is ordinarily maintained, will be produced in a printed hard copy form if practical or via a recordable disk.  The parties shall make every effort to ensure that electronically stored information is not produced in a form unusable to the opposing party.  Therefore, the default standard contained in Administrative Order No. 174 -1 need not apply to this case.

**13.     Alternative dispute resolution:** The parties believe alternative dispute resolution may be helpful in this matter.  The parties must therefore make a minimum of two independent, substantive attempts at resolution of this case. By no later than **September 30, 2019**, the parties must file a joint case resolution status report, which confirms their first attempt at case resolution. By no later than **January 24, 2020**, the parties must file a second joint report, either confirming that the parties made a good faith attempt to resolve the case or updating the Court on the status of the intended second attempt.  The joint status reports must also state whether the parties believe

ADR might assist in case resolution. Any request for a judicial settlement conference must be made by no later than Jan 24, 2020.

**14.** **Consent to trial before the Magistrate Judge:** The parties do not consent to trial before the Magistrate Judge.

**15.** **Subsequent case management conferences:** A subsequent, telephonic case management conference shall be held at 10:00a.m. on **January 27, 2020**. The parties shall dial **877-873-8017** with code **1958322#** as the call in number.

**16.** **Target trial date:** The trial in this matter will be a jury trial and is estimated to take four to five days and is requested to begin on or after **November 10, 2020**. Judge Campbell will issue a separate order setting the dates for the final pretrial order and trial.

It is so **ORDERED.**

/S/JoeB.Brown
JOE B. BROWN
United States Magistrate Judge

Dated:  August 14, 2019                                    Respectfully submitted,

| | |
|---|---|
| /s/ G. Brandon Hall_(with permission)<br>Jonathan A. Street (BPR # 021712)<br>G. Brandon Hall (BPR # 034027)<br>Employment & Consumer Law Group<br>525 4th Avenue South<br>Nashville, TN 37210<br><br>*Counsel for Plaintiff* | /s/ Anne T. McKnight<br>Jonathan O. Harris (BPR # 21508)<br>Anne T. McKnight (BPR # 026476)<br>Ogletree, Deakins, Nash,<br>Smoak & Stewart, P.C.<br>SunTrust Plaza<br>401 Commerce Street, Suite 1200<br>Nashville, TN  37219-2446<br>Telephone:  615.254.1900<br>Facsimile:  615.254.1908<br><br>*Attorneys for Defendant* |

## CERTIFICATE OF SERVICE

I hereby certify that on August 19, 2019, the foregoing was emailed to Magistrate Judge Brown and served via email upon the following:

> Jonathan A. Street
> G. Brandon Hall
> Employment & Consumer Law Group
> 525 4th Avenue South
> Nashville, TN 37210

                                                                  /s/ Anne T. McKnight